
FILED
JUN 18 2014
Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

TWAIN NEWMAN AYERS,

Petitioner,

vs.

LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,

Respondents.

Cause No. CV 14-82-BLG-SPW

ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

This case comes before the Court on Petitioner Twain Newman Ayers' petition for a writ of error coram nobis and declaratory judgment. Ayers is a state prisoner proceeding pro se.

"[T]he coram nobis writ allows a court to vacate *its* judgments for errors of fact." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) (emphasis added); *see also Black's Law Dictionary* 338 (7th ed. 1999). Although he labels his petition "coram nobis," Ayers does not assert error in a judgment entered by this Court. Therefore, coram nobis relief is not available from this Court.

Ayers claims he was unlawfully imprisoned under an invalid or void sentence as a result of an unconstitutional conviction for partner or family member assault. Pet. (Doc. 1) at 1. Although he purports to seek merely a declaratory judgment that his assertion is correct, the Declaratory Judgment Act, 28 U.S.C. §

1

2201, does not confer jurisdiction on a federal court to decide the matter presented. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). The only jurisdictional basis for a federal court to hear a claim alleging the unconstitutionality of a state prisoner's custody under a state court's criminal judgment is found in 28 U.S.C. §§ 2241 and 2254. *E.g., White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004);[1] *see also Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1079 (9th Cir. 2000) (en banc); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Consequently, the petition must be recharacterized as a petition under 28 U.S.C. § 2254.[2]

28 U.S.C. § 2244(b) prohibits Ayers from being heard under § 2254, because he has already filed and litigated to conclusion in this Court one petition under 28 U.S.C. § 2254. *See Ayers v. Frink*, No. CV 13-103-BLG-SEH (D. Mont. filed Aug. 5, 2013); *see also Beaty v. Schriro*, 554 F.3d 780, 782-83 & n.1 (9th Cir. 2009). The petition and a certificate of appealability were denied on September 16, 2013. Order (Doc. 5), *Ayers*, No. CV 13-103-BLG. The Court of Appeals denied a certificate of appealability on January 31, 2014. Order (Doc. 9), *Ayers*, No. CV 13-

---

[1] *White* was overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc), which was itself overruled on other grounds by *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 862-63 (2011) (per curiam). The portion of its holding relied on here remains good law.

[2] *Castro v. United States*, 540 U.S. 375, 377 (2003), requires district courts to give pro se litigants notice and an opportunity to respond before recharacterizing a filing as a *first* habeas application. The requirement does not apply when a filing is recharacterized as a second or successive habeas application.

2

103-BLG. Ayers filed a petition for writ of *certiorari*, which is currently pending in the United States Supreme Court. *Ayers v. Frink*, No. 13-10149 (U.S. filed May 9, 2014). Ayers may not file in this Court a second petition governed by 28 U.S.C. § 2254 unless he obtains leave from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3). The existence of the restrictions on second or successive habeas petitions under § 2254 does not amount to a suspension of the writ under Article I, § 9, of the Constitution, *Felker v. Turpin*, 518 U.S. 651, 664 (1996), and so does not open a path for state prisoners to proceed under § 2241 or other authority instead.

The Court of Appeals has not authorized Ayers to file a second petition under § 2254. *See* 28 U.S.C. § 2244(c). Consequently, the petition must be dismissed for lack of jurisdiction in this Court. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

A certificate of appealability is denied because the petition is clearly governed by § 2254 and its disposition is clearly controlled by *Burton* and *Beaty*. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

To whatever extent Ayers seeks relief in the form of a federally mandated remedy in the state courts, Montana law provides adequate remedies to challenge a conviction, *e.g.*, Mont. Code Ann. §§ 46-20-101, 46-21-101 *et seq.*, 46-22-101 *et*

3

*seq.*, as well as the constitutionality of a state statute, *e.g.*, *id.* § 27-8-101 *et seq.*; *Dorwart v. Caraway*, 58 P.3d 128, 136 ¶ 44 (Mont. 2002). No State is required by federal law to afford any of its citizens the writ of error coram nobis or any other particular form of judicial remedy. *See, e.g., Mooney v. Holohan*, 294 U.S. 103, 112-13 (1935).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Ayers' petition for writ of error coram nobis and declaratory judgment (Doc. 1) is RECHARACTERIZED as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

2. Ayers' petition is DISMISSED for lack of jurisdiction because it is an unauthorized second or successive petition. To the extent he seeks to compel the State of Montana to provide a particular form of judicial remedy or relief, his petition is DENIED for lack of merit.

3. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

4. To the extent it is required, a certificate of appealability is DENIED.

DATED this 18 day of June, 2014.

Susan P. Watters
United States District Court

4